Filed 12/19/22  P. v. Henderson CA4/1
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CALEB MARQUAN HENDERSON,<br><br>    Defendant and Appellant. | D080850<br><br><br><br>(Super. Ct. No. RIF1201399) |

APPEAL from an order of the Superior Court of Riverside County, William S. Lebov, Judge.  (Retired Judge of the Yolo Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Marcia R. Clark, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2013, a jury convicted Caleb Marquan Henderson of two counts of attempted premeditated murder (Pen. Code,[1] §§ 187, subd. (a), 664) and found true an allegation that a principal discharged a firearm causing serious

---

1     All further statutory references are to the Penal Code.

bodily injury (§ 12022.53, subds. (d), (e)(1)). The jury also convicted Henderson of being an active participant in a criminal street gang (§ 186.22, subd. (a)). The alleged serious felony prior conviction and a strike conviction were found true.

Henderson was sentenced to a total term of 50 years to life consecutive to a determinate term of 27 years 8 months.

Henderson appealed and this court affirmed the judgment in an unpublished opinion. (*People v. Branch, et.al.* (May 8, 2015, D067450).)

In 2019, Henderson filed a petition for resentencing under former section 1170.95 (now renumbered 1172.6). The petition was denied by the trial court on the grounds attempted murder was not covered by former section 1170.95. Henderson appealed and this court affirmed. The Supreme Court granted review and remanded the case for reconsideration in light of Senate Bill No. 775. This court reconsidered the opinion and reversed the order denying resentencing and remanded for further proceedings. (*People v. Henderson* (Mar. 4, 2022, D076878).)[2]

On remand, the trial court held a hearing and then denied the petition. The court reviewed the record with counsel. It found the jury was not instructed on felony murder or on liability based on the doctrine of natural and probable consequences. The defense noted that Henderson's family members had discovered the words natural and probable consequences in the jury instructions. Those words were found in CALCRIM No. 3149 dealing with when an act causes bodily harm. It did not deal with liability for murder based on the acts of an accomplice. The court found Henderson was not eligible for relief under former section 1170.95.

---

[2]     Appellant's request for judicial notice of our records in both prior appeals, is granted.

Henderson filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), indicating counsel has not been able to identify any arguable issues for reversal on appeal.  Counsel asks this court to review the record for error as mandated by *Wende*.  We offered Henderson the opportunity to file his own brief on appeal, but he has not responded.

The facts of the current offenses were discussed in our original opinion on direct appeal.  We will not repeat them here.

### DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error.  To assist the court in its review, of the record and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following issue that was considered in evaluating the potential merits of this appeal:  Whether the trial court erred by denying the petition before giving defense counsel time to review the case, and whether the denial of additional time was prejudicial.

We have reviewed the entire record as mandated by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Henderson on this appeal.

## DISPOSITION

The order denying Henderson's petition for resentencing under section 1172.6 is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:


IRION, J.


DATO, J.